IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR160 |
| v. | |
| TRENTELLE CLIFTON, | MEMORANDUM AND ORDER |
| Defendant. | |

On October 3, 2022, defendant Trentelle Clifton ("Clifton") pleaded guilty pursuant to a written plea agreement (Filing No. 33) to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In accordance with that agreement, in which Clifton and the government agreed to a binding sentencing range of 70 to 78 months in prison, *see* Fed. R. Crim. P. 11(c)(1)(C), the Court sentenced him to 72 months in prison to be followed by 3 years of supervised release.

In his plea agreement, Clifton also waived most of his rights to appeal and collaterally attack his sentence. In particular, he "knowingly and expressly waive[d] any and all rights to contest [his] conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except" in two limited circumstances: (1) if "the Eighth Circuit Court of Appeals or the United States Supreme Court later [found] that the charge to which the defendant is agreeing to plead guilty fails to state a crime" and (2) if his counsel was ineffective.

Before the Court is Clifton's *pro se* request that the Court "dismiss" the felon-in-possession charge against him (Filing No. 43). Referring to recent cases from the Southern District of Mississippi, *see United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *31 (S.D. Miss. June 28, 2023) (finding § 922(g)(1) unconstitutional as applied to the defendant and dismissing that charge), and the Fifth Circuit, *United States v.*

*Rahimi*, 61 F.4th 443, 461 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023) (finding § 922(g)(8) unconstitutional and vacating the defendant's conviction), Clifton argues his conviction in this case violates his individual right to bear arms under the Second Amendment to the United States Constitution. He also rather vaguely challenges the Court's subject-matter jurisdiction in the criminal proceedings against him.

Clifton does not identify a statutory or procedural basis for his motion. But his jurisdictional challenge and statement that he "needs to be Released upon the Ground that [his] Sentence was imposed in violation of" his constitutional rights fall squarely within the scope of 18 U.S.C. § 2255(a), which permits a federal prisoner who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" or that the sentencing "court was without jurisdiction to impose such sentence" to move "to vacate, set aside or correct [his] sentence." Unless and until the Court hears otherwise from Clifton, it will treat his current motion as a § 2255 motion.

That is not to say that Clifton is likely to succeed on such a motion. Quite the contrary, not only must Clifton get passed the broad waiver in his plea agreement,[1] he also faces an uphill battle to establish his Second Amendment claim. Although some other courts have found parts of § 922(g) unconstitutional in certain circumstances, *see Rahimi*, 61 F.4th at 461; *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023) (upholding an as-applied challenge to § 922(g)(1) under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 13 (2022)), the Supreme Court—at least to this point—has not. *See United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023) (noting that fact). And the Eighth Circuit recently concluded § 922(g)(1) was not unconstitutional as applied to a

---

[1]That challenge is not without risk. Under the express terms of his plea agreement, Clifton's breach, including by improperly "collaterally attacking [his] conviction or sentence," risks prosecution for the underlying gun charge with ability to "use any factual admissions" he made pursuant to the plea agreement to prosecute him. Without the plea agreement, Clifton faces up to ten years in prison on that charge.

2

criminal defendant "based on his particular felony convictions." *Id.* Bound by that precedent, *see Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003), this Court too has cautioned that despite a criminal defendant's "hope that *Bruen* and lower-court decisions are marshalling a new era with regard to § 922(g)'s constitutionality, that time has not yet arrived." *United States v. Holbert*, No. 8:17CR189, 2023 WL 6810276, at *2 (D. Neb. Oct. 16, 2023).

To put it bluntly, at first blush, Clifton appears to have far more to lose at this point than he has to gain by pursuing a § 2255 motion. But ultimately, that is his call to make. To properly inform Clifton in making that weighty decision, the Court must warn him "of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences." *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) (citing *Castro v. United States*, 540 U.S. 375, 382-83 (2003)).

To start, the Court must warn him that federal law substantially limits the filing of a "second or successive" § 2255 motion. *See* 28 U.S.C. § 2255(h) (requiring certification by the court of appeals for "[a] second or successive motion" and limiting the circumstances in which it can). Accordingly, Clifton has to take his best shot the first time and make sure he includes all "his claims for post-conviction relief in a single motion." *Carrillo-Castellon*, 2012 WL 4753377, at *2. If Clifton has additional claims to include or other arguments to make, "he should consider withdrawing his current motion, or seeking leave to amend it." *Id.* If he doesn't, he might forfeit those arguments or other claims for relief.

Next, Clifton should be aware that § 2255 motions are generally subject to a one-year statute of limitation. *See* 28 U.S.C. § 2255(f) (describing how to calculate the limitation period). Clifton must take care to ensure that any motion he files under § 2255 is timely or it may be barred.

With these warnings and Clifton's unique circumstances in mind, he has three basic options. First, he can withdraw his current motion by notifying the Court in writing on or before January 19, 2024. If he withdraws his motion, he may assert a new § 2255 motion at a later time as long as he does so within the applicable one-year limitation period discussed above. *See id.* § 2255(f). If Clifton does decide to file a new § 2255 motion, he should use the appropriate form as it will help him marshal his facts and arguments and provide the requisite information for his claims. The Clerk of Court will provide him a copy of the form for filing a § 2255 motion.

Second, Clifton can amend his current motion to provide additional information to support his existing request for relief or add any new claims or arguments he may have. If he chooses to amend his existing § 2255 motion, Clifton must submit an amended motion on or before January 19, 2024. He can amend his motion by altering or supplementing his current submission, by using the § 2255 motion form provided by the Clerk, or both.

Finally, Clifton can notify the Court by January 19, 2024, that he wants it to rule on his current motion as submitted. If Clifton does not advise the Court of his choice or otherwise respond to this Memorandum and Order by that date, the Court will (1) construe his silence as his consent to have his motion treated as a § 2255 motion and (2) decide the motion as currently submitted.

In light of the foregoing,

IT IS ORDERED:
1. On or before January 19, 2024, Clifton shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion as submitted.
2. If Clifton does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.

3. The Clerk of Court is directed to send a copy of this Memorandum and Order and a copy of the proper form to file a § 2255 motion to Clifton at his address of record.

Dated this 18th day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge